## CAMPBELL *a.* BUTLER.

*Supreme Court, First District; Special Term, December,* 1856.

SUPERIOR COURT.—REMOVAL OF CAUSE INTO SUPREME COURT.

The power conferred upon the Supreme Court, by section 33 (subd. 2) of the Code, to remove into that court a cause pending in the Superior Court or Common Pleas, is a discretionary power.

The defendant, in an action commenced in the Superior Court, of which that court has jurisdiction, is not entitled as matter of right to have the cause removed upon the ground that both parties are residents of another county, and the cause of action one which by section 125 is triable in the county in which the parties or any of them reside.

Order to show cause why this action, pending in the Superior Court, should not be removed into the Supreme Court, and the place of trial thereof changed to Kings county.

This action was brought in the New-York Superior Court, by Andrew D. Campbell against William H. Butler. The summons and complaint were served upon the defendant in the city of New-York.

The complaint alleged, that the defendant, in the city of New-York, being owner of stock in The Carpenters' Steam Surface Condenser Manufacturing Company, induced the plaintiff, by means of false and fraudulent representations that a certain assessment laid upon the shares by the company had been paid, to buy the stock, for the sum of eight hundred and fifty dollars; whereas, in fact, the assessment had not been paid, and by reason of the non-payment the stock was afterwards declared forfeited to the Company.

The defendant before answer served a demand in writing " that the trial be had in the proper county, that is to say in the county of Kings ;" and thereupon, the demand not being complied with, he moved in the Supreme Court to have the cause removed into that court, and the place of trial changed to Kings county.

The moving affidavit showed that both plaintiff and defendant were, at the commencement of the action, residents of Kings county.

The opposing affidavits showed that both plaintiff and defendants were regularly engaged in business in New-York city; and that thirteen witnesses, by which plaintiff expected to prove the allegations of his complaint, were, with one exception, either residents of the city or regularly engaged in business there.

*H. D. Birdsall*, for the motion, contended that, as the action was not one of those embraced under sections 123 and 124 of the Code, the defendant had a right, under section 125, to have the place of trial laid in Kings county; subject to the power of the court, after issue joined, to change the place of trial on the ground of convenience of witnesses, &c. That the object of the provision of section 33, subdivision 2, authorizing the Supreme Court to remove into that court causes brought in the Superior Court and Common Pleas, was, in part, to secure to defendants in such cases the means of enforcing the right to have the action laid in the proper county. That the court was bound to remove the cause into Kings county, on the ground of residence.

*Lyman Abbott*, opposed.—I. The parties being both regularly engaged in business in the city of New-York, may be considered residents of the city. (Towner *a.* Church, 2 *Abbotts' Pr. R.*, 299.)

II. The exercise of the power of removal conferred by section 33 is *discretionary* with the court; and should not be exercised in a case like this, where the transaction sued upon was had in the city of New-York, and the parties and witnesses, if not all actually residents of the city, can more conveniently attend the trial therein than anywhere else.

CLERKE, J.—This is a motion to remove into this court a cause pending in the Superior Court, and commenced by the service of summons upon the defendant in the city of New-York.

Section 33 of the Code declares that the jurisdiction of the Superior Court shall extend to such actions as the present, where the defendant is personally served with the summons in the city of New-York. It is evident, therefore, that the Superior Court has jurisdiction in the present case, and, notwithstanding the provisions of section 125, may proceed to the trial of the cause, unless this court shall direct the removal of the action, as desired by the defendant.

Subdivision 2 of section 33 of the Code provides that " the Supreme Court *may* remove into that court any action brought under this subdivision, and pending in the Superior Court or Court of Common Pleas for the city and county of New York, and may change the place of trial therein, as if such action had been commenced in the Supreme Court ; such order for removal and for change of place of trial to be ordered upon motion," &c. It is contended that under this provision the defendant is entitled to claim the removal as matter of right. I think it very clear, however, that the power conferred rests entirely in the discretion of the court ; and that the removal should not be ordered, unless, upon the facts shown, the court can see good cause for directing it.

As I do not think that the facts shown are such as to make it appear that a change in the place of trial is desirable, the motion is denied, with ten dollars costs to plaintiff to abide the event ; but without prejudice to defendant's right to renew the motion upon the ground of convenience of witnesses, or the like.